JaVonne M. Phillips, Esq., SBN 187474
Jennifer C. Wong, Esq., SBN 246725
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (619) 685-4800 Ext. 1557
Fax (619) 685-4810
jwong@mccarthyholthus.com

Attorney for:
Deutsche Bank National Trust Company, As Trustee For BCAP Trust LLC 2007-AA3 Mortgage Pass-Through Certificates Series 2007-AA3, its assignees and/or successors, by and through its servicing agent Nationstar Mortgage LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>Barbara Jean Morgan,<br>James Willie Morgan,<br><br>　　　　Debtors. | Case No. 13-42988 RLE<br><br>Chapter 13<br><br>RS No.　JCW-10166<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date:　02/15/2017<br>Time:　1:30PM<br>Ctrm:　201<br>Place:　1300 Clay Street<br>　　　　Oakland, CA |

　　　Deutsche Bank National Trust Company, As Trustee For BCAP Trust LLC 2007-AA3 Mortgage Pass-Through Certificates Series 2007-AA3, its assignees and/or successors in interest ("Secured Creditor" or "Movant" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may commence and

continue all acts necessary to foreclose under the Deed of Trust secured by the Debtors' property, commonly known as 2591 61st Avenue, Oakland, CA 94605, ("Property" herein).

As stated in the attached Declaration, the Debtors have failed to make 36 post-petition payments (02/01/14 through 01/01/17).

This subject Bankruptcy case is the fourth Bankruptcy filed to unfairly delay Secured Creditor from proceeding with the foreclosure of the subject Property. Secured Creditor is not adequately protected, and cause exists under 11 U.S.C. § 362 (d)(1) and/or (d)(4) for relief from the automatic stay. Secured Creditor is precluded from proceeding with the foreclosure of the subject Property because of the bad faith bankruptcy filings involving this Property.

Secured Creditor holds the original Promissory Note dated 02/23/2007, in the principal amount of $443,000.00, which is secured by the Deed of Trust of the same date as signed Mary P. Jacobs ("Original Borrower").

Pursuant to 11 U.S.C. § 362(d)(4), Debtors' petition was used as part of a scheme to delay, hinder, and defraud creditors that involved multiple bankruptcies and the transfer of all or part ownership of the Property without the consent of Movant or court approval.

Transfers

On or around July 13, 2011 a Deed of Trust with Assignment of Rents as Additional Security was irrevocably granted, transferred and assigned to Barbara Jean Morgan without the knowledge or consent of the Movant in violation of the terms of the Deed of Trust Original Borrowers signed. A true and correct copy of the unauthorized Deed of Trust with Assignment of Rents as Additional Security is attached hereto as **Exhibit "8"** and incorporated herein by reference.

On or around September 19, 2014, a Deed of Trust with Assignment of Rents as Additional Security was irrevocably granted, transferred and assigned to Veronica Aviles without the knowledge or consent of the Movant in violation of the terms of the Deed of Trust Original Borrowers signed. A true and correct copy of the unauthorized Deed of Trust with

Assignment of Rents as Additional Security is attached hereto as **Exhibit "8"** and incorporated herein by reference.

Multiple Bankruptcies

Barbara Jean Morgan and James Willie Morgan, (herein after referred to as "Debtors") filed a petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court, Case No. 13-42988 RLE on 05/22/2013.

Veronica Aviles filed a previous bankruptcy petition in the above-entitled Court on 09/09/2014 as Case Number 2:14-bk-27263. Said case was subsequently dismissed on 09/16/2014 for Failure to File Information. A true and correct copy of the PACER Docket is attached hereto as **Exhibit "9"**.

Veronica Aviles filed a previous bankruptcy petition in the above-entitled Court on 09/16/2014 as Case Number 2:14-bk-27683-RN. Said case was subsequently dismissed on 10/16/2014 for Failure to File Information. A true and correct copy of the PACER Docket is attached hereto as **Exhibit "9"**.

Veronica Aviles filed a previous bankruptcy petition in the above-entitled Court on 10/13/2014 as Case Number 2:14-bk-29372-RN. The Court entered an Order Terminating Case on 07/11/2016. A true and correct copy of the PACER Docket is attached hereto as **Exhibit "9"**.

Due the above transfers of beneficial interest in the Property and multiple bankruptcy filings, Secured Creditor has been delayed from proceeding with foreclosure. Accordingly, cause exists under 11 U.S.C. § 362(d)(1) and (d)(4) for relief from the automatic stay.

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with loss mitigation including but not limited to Deed in Lieus, short sales, loan modifications or any other loan work out as allowed by state law and/or proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust to proceed with any

3     File No. CA-15-113187
Motion for Relief from Automatic Stay, Case No.13-42988 RLE
Case: 13-42988    Doc# 32    Filed: 01/25/17    Entered: 01/25/17 18:20:19    Page 3 of 4

and all post foreclosure sale remedies, including the unlawful detainer action or any other action necessary to obtain possession of the Property.

2. For an Order that the fourteen day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. For attorneys' fees and costs incurred herein.

4. If recorded in compliance with applicable state laws governing notices of interests or liens in the Property, the Order shall be binding and effective under 11 U.S.C. §362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

5. For such other relief as the Court deems proper.

6. The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

Dated: January 25, 2017        McCarthy & Holthus, LLP

By: /s/ Jennifer C. Wong
Jennifer C. Wong, Esq.
Attorneys for Secured Creditor
Deutsche Bank National Trust Company, As Trustee For BCAP Trust LLC 2007-AA3 Mortgage Pass-Through
Certificates Series 2007-AA3, its assignees and/or successors, by and through its servicing agent Nationstar Mortgage LLC